**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

IN RE: DAVID LEE ROSS, SR. and            Case No. 06-30313-DOT
       TONYA NICOLE ROSS,                              Chapter 7
       Debtors.

## MEMORANDUM OPINION AND ORDER

This matter is before the court on debtors' motion for continuation of the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B). An evidentiary hearing was held on the motion March 15, 2006. Creditors MoJo Management, LLC and Mohammed Zakirullah objected on the basis of debtors' filing history, alleging this chapter 7 filing constitutes a continuation of the abuse that led to debtors' previous case being dismissed with prejudice. Debtors provided witness testimony at the hearing, and both objecting creditors were given an opportunity to question the witnesses. For reasons stated below, the court will deny debtor's motion to extend the stay as to the two objecting creditors, but will continue the stay in effect as to all other creditors during the pendency of debtors' case.

### Facts and Procedural History.

Debtors are no strangers to the bankruptcy court. The instant case is the sixth filing by Mr. Ross independently or jointly with his wife in as many years.[1] After a series of failed chapter 13 cases, debtors opted to file for protection under chapter 7 of the Code on February 16, 2006. Debtors previously filed a petition for relief under chapter 13 on February 12, 2005, and

---

[1] Although not part of the record in evidence, the court reviewed debtors' serial filing history. Case number 01-34031-DOT, a chapter 13 filed jointly on July 3, 2001, was dismissed on trustee's motion December 13, 2001. Case number 01-37503-DOT, a chapter 13, was filed immediately thereafter on December 18, 2001, by Mr. Ross independently and was dismissed on trustee's motion March 26, 2003. Mr. Ross again filed an independent chapter 13, case number 03-35023-DOT, on May 21, 2003, which was also dismissed on trustee's motion on November 26, 2003. Mr. Ross's fourth chapter 13 case, number 04-30447-DOT, was filed independently on January 19, 2004, and dismissed on trustee's motion August 20, 2004. Debtors then filed case number 05-31266-DOT jointly on February 12, 2005. Less than four months later, on June 1, 2005, that case was dismissed with prejudice.

the case was dismissed with prejudice on June 3, 2005. The order dismissing the case contained a 180-day bar to future filing based on an abusive filing history and failure to comply with court orders.

Debtors show a consistent pattern of being unable to make their rental payments. In debtor's previous chapter 13, creditor MoJo Management, LLC sought relief from the stay to take control of property leased to debtors. MoJo was granted relief and is currently in possession of the premises. This creditor was left with a claim, which led to the garnishment of Mrs. Ross's wages; however, MoJo has not received any money to date.

Mrs. Ross testified that the garnishment of her and her husband's wages by this and other landlords drove the couple to file for chapter 7 protection because they were unable to remain current on their present rental payment obligation. In addition to MoJo's claim for past rent, debtors owe rent payments, late charges, costs and damages in the amount of $2981.25 for the months of January and February to their present landlord, Mohammed Zakirullah. Mrs. Ross admitted in her testimony that debtors are also in default of their March 2006 rent in the amount of $1,500.00 and have incurred a late fee of $75.00.

Mrs. Ross urged the court to consider debtors' changed circumstances since their last filing. She testified that until January she and her husband were both self-employed, but that she is now employed by KDR Real Estate and has taken a second job at St. Paul's Baptist Church, where she is in the process of negotiating an hourly wage for part time work. Because her primary income is derived from commission on sales of real estate, her income projection is uncertain; however she stated that she anticipated it would permit debtors to cure their arrearages and remain current on their present rent. As of the hearing date, Mrs. Ross has earned one commission in 2006.

## Conclusions of Law.

Pursuant to the 2005 amendments to the Bankruptcy Code, in cases commenced on or after October 17, 2005, the automatic stay terminates with respect to the debtor on the 30th day after the filing of the case if debtor had a dismissed case pending within the preceding year. 11 U.S.C. § 362(c)(3)(A) (2006). This Code section terminates the stay "with respect to any action taken with respect to a debt or property securing such debt *or with respect to any lease*." Id. (emphasis added). Debtor's previous dismissed case was pending within one year of the later filing, thus triggering termination of the stay under § 362(c)(3)(A) with respect to debtor's current lease and any other property securing a debt of the debtor.

Upon notice and hearing on the motion of a party in interest, the court may continue the stay as to any or all creditors upon a finding that the filing of the present case is in good faith as to the creditors to be stayed. § 362(c)(3)(B). In certain circumstances, however, a case is presumptively filed not in good faith. See § 362(c)(3)(C). A case is presumptively filed not in good faith as to all creditors if "there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case" or when there is reason to conclude that the later case, if a chapter 7, will be concluded with a discharge. § 362(c)(3)(C)(i)(III)(aa). Additionally, a case is presumptively filed not in good faith as to any creditor who sought relief from the stay "in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action … had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor." § 362(c)(3)(C)(ii).

In making the good faith determination, the court must consider whether this presumption is applicable, and if so, whether the moving party has rebutted the presumption with clear and convincing evidence to the contrary.

Although debtors testified they had "steadier jobs and a steadier lifestyle," the court finds debtors' financial circumstances have not changed significantly since the dismissal with prejudice of their previous chapter 13 case. Furthermore, creditor MoJo Management, LLC sought relief from stay in debtor's last case. An order for relief was entered and the landlord creditor regained possession of the premises. The presumption that the case was not filed in good faith therefore applies and debtors have the burden of rebutting it. Moreover, the Code's language regarding termination of the stay in relation to "any lease" heightens debtors' burden of proof with respect to the objecting present landlord.

The court credits debtors' testimony at the hearing, which indicated a serious desire to reorganize their finances with a fresh start. Debtors' good intentions, however, are insufficient to meet § 362(c)(3)(C)'s requirement of clear and convincing evidence to rebut the presumptive bad faith filing as to the objecting creditors. In sum, the court finds debtors have not met the Code's onerous burden and that the case was not filed in good faith as to the objecting creditors. Accordingly,

**IT IS ORDERED** that the continuation of the automatic stay is **DENIED** as to objecting creditors Mohammed Zakirullah and MoJo Management, LLC and **GRANTED** as to all remaining creditors for the pendency of debtors' chapter 7 case.

Enter nunc pro tunc March 15, 2006.

/s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

**Copies to:**

Marvin Alan Rosman
Marvin Alan Rosman & Associates, P.L.C.
4912 West Broad St., P.O. Box 6964
Richmond, VA 23230-0964
*Counsel for Creditor, Mohammed Zakirullah*

William K. Grogan
William K. Grogan and Associates
206 East Cary Street
Richmond, VA 23219-3737
*Counsel for Creditor, MoJo Management, LLC*

MoJo Management, LLC
9411 Duncan Road
Petersburg, VA 23803
*Creditor*

Tommy Andrews, Jr., Esquire
Tommy Andrews, Jr., P.C.
122 North Alfred Street
Alexandria, VA 22314
*Counsel for Debtor*

Bruce Matson
P.O. Box 2499
Richmond, VA 23218
*Chapter 7 Trustee*